**Order entered December 5, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01394-CV

## ENRIQUE N. PONTE, JR. M.D. AND PEDIATRIX MEDICAL SERVICES, INC., Appellants

### V.

## MARCELA AND JOSE BUSTAMANTE, Appellees

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 08-08056**

## ORDER
Before Justices Stoddart, Whitehill, and Schenck

The Court finds that this case is at this time appropriate for mediation pursuant to the Texas Civil Practice and Remedies Code and the accompanying Rules for Mediation. Unless objected to by both parties, the parties are **ORDERED** to select a mediator by mutual agreement and complete the mediation within 60 days of this Order's entry. The mediation will occur at a time and place agreed to by the parties and mediator. The mediator shall notify the Court about the outcome of the mediation within ten days after the first mediation session concludes. Any objection to this Order must be filed and served upon all parties within fifteen days from this Order's entry.

/Bill Whitehill/

BILL WHITEHILL

JUSTICE

# RULES FOR MEDIATION

1.  **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose the mediator's own judgment on the issues for that of the parties.

2.  **Conditions Precedent Serving as Mediator.** The mediator shall not serve as a mediator in any dispute in which he or she has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with parties.

3.  **Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meeting with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

4.  **Parties Responsible for Negotiating Their Own Settlement.** The parties understand the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

5.  **Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

6.  **Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of the mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

7.  **Privacy. Mediation sessions are private.** The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

8.  **Confidentiality and Privilege.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge

such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.  Any party that violates this order shall pay all reasonable fees and expenses of the mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the mediator.

9. **No Stenographic Record.**  There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

10. **No Service of Process at or near the Site of the Mediation Session.**  No subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

11. **Termination of Mediation.**  The mediation shall be terminated:  A) By the execution of a settlement agreement by the parties; B) By declaration of mediator to the effect that further efforts at mediation are no longer worthwhile; or, C) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

12. **Interpretation and Application of Rules.**  The mediator shall interpret and apply these rules.

13. **Fees and Expenses.**  The mediator's daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day.  The expenses of witnesses for either side shall be paid by the party producing such witnesses.  All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.